REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE          5857
MAGDALENA BAJON             11013
Pali Palms Plaza
970 North Kalaheo Street, Suite A301
Kailua, Hawaii 96734
Telephone No: (808) 791-9550
Facsimile No: (808) 791-9551

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF HAWAII

| | |
|---|---|
| MAUI VACATION RENTAL ASSOCIATION, INC., a Hawaii corporation; WILLIAM GOULD, DEBORAH VON TEMPSKY, SUCCESSOR TRUSTEE OF HELEN VON TEMPSKY TRUST; THE MOTHER OCEAN LLC AND WILLARD GARY DEARDORFF AND JOAN DEARDORFF; MANAHALE ESTATE LLC AND JAMES C. WAYNE,<br><br>                    Plaintiffs,<br><br>     v.<br><br>MAUI COUNTY PLANNING DEPARTMENT; COUNTY OF MAUI; MAYOR MICHAEL VICTORINO, successor in interest; MICHELE MCLEAN, in her official capacity as Director of the Maui County Planning Department; DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE | CIVIL NO.:<br>(Declaratory Judgment and Other Civil Action)<br><br><br><br>**COMPLAINT; EXHIBITS "A"-"B"; DEMAND FOR TRIAL BY JURY; SUMMONS** |

CORPORATIONS 1-20; DOE
ENTITIES 1-20 and DOE
GOVERNMENTAL UNITS 1-20,

            Defendants.

## COMPLAINT

       Plaintiffs MAUI VACATION RENTAL ASSOCIATION, INC., a Hawaii Corporation; WILLIAM GOULD, DEBORAH VON TEMPSKY, SUCCESSOR TRUSTEE OF HELEN VON TEMPSKY TRUST; THE MOTHER OCEAN LLC and WILLARD GARY DEARDORFF AND JOAN DEARDORFF; and MANAHALE ESTATE LLC AND JAMES C. WAYNE; ("Plaintiffs"), by and through their attorneys, REVERE & ASSOCIATES, LLLC, and for causes of action against Defendants County of Maui Planning Department, County of Maui, Mayor Michael Victorino, Successor In Interest, Michele McLean, In Her Capacity As Director Of The Maui County Planning Department, allege on information and belief, as follows:

## INTRODUCTION

       1.     The tourism industry on Molokaʻi is relatively small, compared to the other islands in Hawaiʻi. Accommodations are limited and rental houses are an attractive lodging option for tourists and residents. Molokai has become the first island in Hawaii where new short-term vacation rentals of single-family homes

have been banned by placing a zero cap on short-term rentals of single-family homes on Molokai and existing ones are being forced out by the end of this year.

2.      Most short-term rental owners on Molokai, including those of the individual Plaintiffs named herein, went through a demanding permitting process and made investments based on the promise that they will be able to operate and extend their permits in the absence of complaints. The short-term rentals remit taxes, provide jobs to the community as well as rental options for visitors.

3.      The Maui County Council approved Bill 22 (2020) – relating to Short-Term Rental Homes in the Molokai Community Plan Area setting the Molokai Short-Term Rental Home permits cap to zero and putting a cease to any existing short-term vacation rental home operations.  Ordinance 5059 has an immediate and devastating impact on the owners and operators of legal rental properties on Molokai.

4.      Pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §2201, Plaintiffs, on behalf of its members and others similarly situated, seeks to have declared invalid and enjoin the enforcement of Maui County Bill 22 – relating to the ban of the short term rental homes – which took effect on March 10, 2020, upon Mayor Michael Victorino's signature.

5.      The right to own and rent property is a fundamental right recognized under the United States and Hawaii Constitutions, and Plaintiff MVRA's members,

the individually named Plaintiffs, and others similarly situated have a property interest in the ownership and use of their properties, and are entitled to due process and other protections.

## NATURE OF ACTION AND JURISDICTION

6.     This is a civil action under 42 U.S.C § 1983 seeking declaratory judgment, injunctive relief and damages against Defendants for, inter alia, committing acts, under the color of law, with the intent and for the purpose of depriving Plaintiffs, its members, and others similarly situated, of rights secured under the Constitution and laws of the United States.

7.     This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

8.     This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiffs, and the properties of its members are located in this judicial district; the actions complained of took place in this judicial district; documents and records relevant to the allegations are maintained in this

judicial district; and the Defendants are present in and regularly conduct affairs in this judicial district.

## PARTIES

9.    Plaintiff MVRA is and was, at all relevant times, a Hawaii nonprofit corporation with its principal place of business in the County of Maui, whose purpose is to promote the fact that Vacation Rentals play an important role in our healthy economy and diversified tourism. Vacation Rentals are acknowledged all over the world as a sanctioned type of accommodation, an alternative to resorts and hotels.  Vacation Rentals allow homeowners to have an opportunity to participate directly in and benefit from tourism, and create jobs for the islands within the County of Maui, including the island of Molokai.  Plaintiffs' members, some of which are individually named, and other Molokai property owners and managers, have been engaged in the lawful rental and advertisement of their properties and their constitutional and statutory rights will be violated if Ordinance 5059 is applied as adopted.

10.    Plaintiff WILLIAM GOULD is and was, at all relevant times, an individual over the age of 18, member of MVRA, and owner of the real property on Molokai with a short-term rental permit.

11.    Plaintiff DEBORAH VON TEMPSKY SUCCESSOR TRUSTEE OF HELEN VON TEMPSKY TRUST is and was, at all relevant times, an individual

over the age of 18, member of MVRA and owner of the real property on Molokai with a short term rental permit.

12.     Plaintiff THE MOTHER OCEAN LLC, a Hawaii Limited Liability Company, is an owner of the real property on Molokai with a short-term rental permit.

13.     Plaintiff WILLARD GARY DEARDORFF is and was, at all relevant times, an individual over the age of 18, member of MVRA and member of THE MOTHER OCEAN LLC, and owner of the real property on Molokai with a short-term rental permit.

14.     Plaintiff JOAN DEARDORFF is and was, at all relevant times, an individual over the age of 18, member of MVRA and member of THE MOTHER OCEAN LLC, and owner of the real property on Molokai with a short-term rental permit.

15.     Plaintiff MANAHALE ESTATE LLC, a Hawaii Limited Liability Company, is an owner of the real property on Molokai with a short-term rental permit.

16.     Plaintiff JAMES C. WAYNE is and was , at all relevant times, an individual over the age of 18, member of MVRA and member of MANAHALE ESTATE LLC, an owner of the real property on Molokai with a short-term rental permit.

17.    Defendant MAUI COUNTY PLANNING DEPARTMENT is charged with enforcing zoning regulations on Maui pursuant to the Zoning Code, Title 19 of the Maui County Code.

18.    Defendant COUNTY OF MAUI is municipality chartered under Hawaii State law and is legally responsible for the acts and omissions of its departments, officials and boards.

19.    Defendant MICHAEL VICTORINO, in his capacity as the current Mayor of the County of Maui and the successor in interest to Mayor Alan Arakawa, and in performing his duties is and was, at all relevant times, acting under color of law.  The Mayor is being sued only in his official capacity.

20.    Defendant MICHELE MCLEAN, in her official capacity as the current Director for Maui County's Planning Department, and in performing her duties is and was, at all relevant times acting under color of law.  The Planning Director is being sued only in her official capacity.

**Legal Rentals Prior To Bill 22**

21.    In 2012, Maui County enacted a comprehensive Ordinance 3941 which created a new category of permitted use called Short Term Rental Homes (STRH) and set out the conditions and steps for permitting under the Maui County Code, Section 19.65, including the location and proximity guidelines, various performance based standards, including noise, parking, occupancy limits and home

7

owner duties. A true and correct copy of the Ordinance 3941 is attached hereto as Exhibit A.

22. Ordinance 3941 was signed into law after an almost two-year review process that included no fewer than five Planning Commission public hearings, eleven County Council planning committee meetings and two readings before the Maui County Council.

23. At the second and final reading of the Short-Term Rental ordinance before Council, then Council Chair, Danny Mateo, who stated:

> "The Chair would just like to share my own opinions and comments regarding this particular bill. For myself this has been a very difficult bill to deal with. I come from a very small community and our community is just not a subdivision. Our community is the island of Molokai, which is very small and very rural. And for me, looking at imposition, or visitor accommodations in rural communities such as ours became a very difficult pill for me to swallow. But our community does not have the Kalua Koi Resort. Our community does not have the Pau Hana Inn. Our community does not have the Lodge up in Maunaloa. So, we lost a lot of visitor accommodation units. We heard through various testimonies and for myself through e-mail and phone calls from operators on Molokai that this is the business, this is the opportunity for us to still provide accommodations for all of our visitors coming into Molokai because we just do not have ample hotel accommodations to take care of this specific need. So personally, I've heard our operators saying there is a need both for the visitor and the kamaaina alike who do utilize such services. So, for me a compromise is the understanding that in two years, we will revisit, we will take a look at, you know potential impacts and if there are we will adjust them. If there are none, then fine, the bill

can continue as is. But I needed to be sure that there was a mechanism in place that provided us the opportunity to revisit. And I too would like to recognize Mr. Couch, for moving this particular bill forward and I will close by saying that the popular thing is always the easy thing to do, the right thing is not. So, I will be supporting the motion on the floor."

24.    The purpose of the law was to establish a permitting process for short-term rental homes … "consistent with the county's general plan and the state's land use laws; to retain the character of residential neighborhoods; to provide varied accommodations and experiences for visitors; and to allow small businesses to benefit from tourism." MCC 19.65.010.

25.    As implemented and applied, Ordinance 3941 required all owners of real property in the County of Maui who lease their homes for less than an initial term of 180 days to obtain a permit, unless exempted from the application of the ordinance by variance, special ordinance, or formal and informal grandfathering of established rights.

26.    The former Mayor Alan Arakawa stated, "the legislation should protect our residents from noisy rental operations while at the same time allowing legitimate rentals a way to conduct their business."[1]

---

[1] THE MAUI NEWS (May 24, 2012) available at
http://www.mauinews.com/page/content.details/id/561412/Mayor-Rental-bill-will-help-business-protect-residents.html.

27.     Planning Director Michele McLean stated that "the original intent of the short-term rental home ordinance that was passed in 2012 was to get all of the operations into compliance." It was supposed to be achieved by streamlining the permitting process and by establishing standards that would generally ensure that the existence of an STRH would not create any deleterious impacts on the neighborhoods where they were established.

28.     Therefore, in addition to a comprehensive permitting scheme, the ordinance placed various performance-based standards to mitigate the effects of short-term rentals on the neighboring properties. Among them, the permit holder was being required to display the house policies to guide the renters use of the property. At a minimum, the policies were to include quiet hours, prohibition on amplified sound outside the property boundaries, parking restrictions, and prohibition against parties or gatherings other than among registered guests. Per Maui County Code, Section 19.65. 030(s), the Planning Department was given a right to place any condition upon the rental permit they deemed necessary to mitigate any adverse impacts.

29.     In 2014, in accordance with code and the wishes of Council Chair Mateo, the Planning Department conducted a review of the short-term rental ordinance and brought its report to Council.

30.     At a community meeting, Maui Planning Department Planner Gina Flammer noted that "I think today's lack of turnout is a sign that it's going pretty well and that the law is working (. . .).  It's been two years since the law was passed and there have been nine permitted short-term rentals. It seems to be working very well for not only the permit holders but for neighbors."

31.     The Maui County Council further amended the short-term rental ordinance in 2016, when stricter rules were established for enforcement, revocation and non-renewal were enacted. In addition, the caps for Hana were reduced from 48 to 30 available permits. In 2018 the additional amendments were made to the ordinance establishing a five-year ownership requirement for applicants for permits and prohibiting accessory dwellings from being permitted for short-term rental use. And in 2019, the cap on permits in the Paia-Haiku was reduced from 88 to 55 to match the existing number of permits and those applications in process.

32.     In addition to the permitting scheme, an amendment to Title MC-12, Chapter 103, Rules for Administrative Procedures and Civil Fines became effective December 22, 2019 that included an enforcement mechanism with increased steep fines of $20,000 initial fine and $10,000 for every day after for operating without a valid permit.

33.     No caps were placed for Molokai in the Ordinance 3941. Since the Ordinance 3941 was established a total of only 26 STRH permits have been

granted in Molokai of which 17 are still active. Nine of these permits either expired, were not renewed or the owner since sold the property. Several permits were denied because the Molokai Planning Commission denied the permits or were otherwise withdrawn by their applicants.

34.     Among its burdensome provisions is the requirement contained in Ordinance 3941 that requires homes to exist and be owned by the applicant for at least 5 years before an owner is deemed eligible to apply for a permit, depressing resale value vacation homes while serving to provide no public benefit or advance any legitimate state interest.

35.     In determining whether to grant a permit, Ordinance 3941 and its application by the Director and Department of Planning for the County of Maui has been inconsistent and unpredictable, in part, because the Director and Department of Planning place a significant consideration on whether neighbors submit opposition, for any reason, a clear violation of the Due Process Clause, as has been determined by numerous courts, including the United States Supreme Court.

36.     In reliance on the express language of the Ordinance 3941 and Haw. Rev. Stat. 46-4, Molokai property owners, lessees, operators, proprietors -- including Plaintiff MVRA's members and the individual Plaintiffs named herein and others similarly situated purchased properties, and went through a rigorous permitting process and made investments to rent properties pursuant to these

provisions. The vast majority of these property owners, lessees, operators and proprietors, pay general excise tax, transient accommodation tax and income tax on their legal rental activity. Additionally, they insure the County of Maui against liability claims from guests.

37.     Moreover, the regulation as applied by the Director is against public policy as many Molokai residents and businesses are dependent on the tourism industry and have been harmed by the elimination or uncertainty surrounding these legal vacation rental homes in the resort areas, including house cleaners, landscapers, contractors, property managers, and booking agents.  Many other businesses, such as retail merchants, restaurants and activity providers, are also economically supported, in part, by these legal rentals.  Requiring vacation homes to sit empty does nothing to benefit the Molokai economy or Molokai residents.

### Molokai Regulations

38.     Molokai Council member Stacy Crivello initiated a proposed ordinance 3941 amendment in April of 2017 to establish a cap of 40 short-term rental permits for Molokai (15 West End, 10 Central and 15 East End), known as Resolution 17-74. The proposal's intent was to expand permits to the three most populated areas of the island. At that time there were approximately 17 STRH permit holders operating on Molokai under the stringent requirements, without complaints.

39.     An important component in the Molokai Community Plan adopted in 2018 was the expansion of complementary tourism markets, supporting limited growth of alternative lodging units, and supporting increased enforcement of the STRH ordinance

40.     Legalization of short-term rental homes has helped to meet an established need for the Molokai tourism industry, allowing small businesses to flourish. The permitting process was created to regulate and limit short term rentals in the community.

41.     Less than 1% of Molokai's residential housing has been granted an STRH permit to allow for short-term rental uses. This is in line with the goals set forth in the Molokai Community Plan.

42.     People have been successfully and peaceably renting out their homes and properties on Molokai on a short-term basis for decades.

43.     As an alternative to traditional hotels, short-term rentals on Molokai offer local hospitality, a personal touch, and the ability to rent many types of accommodations.  This makes short-term rentals popular with travelers seeking a different experience than that offered by traditional hotels, including travelers on a limited budget, groups needing flexibility and shared work-space, and families looking for a place to rent for a few days. Many visiting kamaaina relatives

traditionally stay in vacation rental homes when visiting their families on the island of Molokai.

44.     These homes paid $154,349 in real property taxes in 2019, an increase of nearly $40,000 from 2018. Median nightly rental rates for these properties range from about $265 in Central Molokai to $376 in East Molokai to $613 on the West End.

45.     After hearings and public testimony before the Maui County Council, the County Council passed Bill 22 (2020), and Mayor Michael Victorino signed Ordinance 5059 on March 10, 2020, which has the effect of shutting down all STRH's on Molokai as of December 31, 2020, even if there are valid permits that go beyond December 2020. A true and correct copy of the Ordinance 5059 is attached hereto as Exhibit B.

46.     The Ordinance 5059 will have a direct and substantial impact on Plaintiffs, its members and those similarly situated, who currently rent properties legally under the current regulations and desire to continue to do so.

47.     The Ordinance is an unconstitutional restraint on property rights, its broad application unreasonably impairs previously granted property rights, and its application does not serve any legitimate public purpose or benefit.

48.     The Ordinance 5059 is contrary to the express purpose of the Ordinance No. 3941 which is not only to: "retain the character of residential

neighborhoods" but also "to allow for varied accommodations and experiences for visitors." In setting a cap of zero and revoking the permits that had already been granted, the Molokai Planning Commission and the County Council failed to show any evidence that the permitted STRH properties had created any deleterious impacts on their neighborhoods beyond the unsubstantiated allegation that they impacted the availability of housing.

49.    As implemented, the bill has caused all vacation home rentals to be banned with no due process.

50.    The County of Maui, Department of Planning and the Director have no interest in and can cite no legitimate public benefit served by imposing regulatory ban that limit long established and approved rental rights of the permit holders on Molokai. The Planning Department has also stated in writing and by its conduct that it is taking actions to discriminate against out-of-state owners and to discourage interstate travel, again in violation of the U.S. Constitution. It is also violating the contract clauses of the Hawaii and Federal Constitutions.

51.    Ordinance 5059, and its application is inconsistent with and conflicts with other zoning provisions and County approvals that were granted and issued to the permit holders on Molokai. Ordinance 5059 violates Haw. Rev. Stat. § 46-4, which prohibits an amendment of a zoning law to prohibit a lawful pre-existing

use, and it violates the Hawaii and United States Constitutional protections for non-conforming uses and vested rights.

## Molokai Permit Holders

52.     Plaintiffs WILLIAM GOULD ("Gould"), DEBORAH VON TEMPSKY, SUCCESSOR TRUSTEE OF HELEN VON TEMPSKY TRUST ("Von Tempsky"); THE MOTHER OCEAN LLC and WILLARD GARY DEARDORFF and JOAN DEARDORFF ("Deardorffs"); and MANAHALE ESTATE LLC AND JAMES C. WAYNE ("Wayne") are the owners of real properties located on Molokai and went through considerable effort and expense to be legally granted a permit.

53.     Neighbors of STRH have the ability to register complaints with the County complaining about the operations of the STRH. There have not been any complaints registered in 2018 or 2019 on the current permit holders.

54.     The supplemental income from the short-term rental is being used to balance homeowners' budgets and pay their mortgages.

55.     Plaintiff GOULD owns a real property on Molokai that has been operated as a legal vacation rental for many years prior to purchasing it in June of 2005. It is known as the "Happy House" and has hosted many happy gatherings from visitors and residents alike.  The Happy House journal chronicles years of positive comments of family memories and aloha while residing at this special

space. One of the reasons Plaintiff Gould bought the Happy House was that it had a prior history as an active vacation rental paying all relevant General Excise Taxes and Transient Accommodation Taxes. The Happy House hosted USGS research teams conducting reef studies on Molokai and paddlers for the Molokai to Oahu Canoe races among others. Many local families on Molokai have used Happy House for short-term rental purposes upon their visits to Molokai. Throughout the years, Plaintiff Gould continued to submit the filings for permit renewal, underwent required inspections and paid all the necessary fees. The Happy House operations continued without incident. The Happy House is being assessed at much higher property rates paying all relevant General Excise Taxes and Transient Accommodation Taxes. Due to Ordinance 5059, the permit expires on December 31, 2020 without the possibility of renewal of operations that have existed for over 15 years.

56. Plaintiff VON TEMPSKY owns a real property on Molokai that has been in her family since she was a child. It is called Kupeke Beach House LLC. Plaintiff's father is from Maui and worked as an Assistant manager for Molokai Ranch and later at Libby Pineapple/later Dole. The beach lot stayed in the family and Plaintiff improved the beach lot and built a 3 bd/3bath house in 1997. In 2013, after much money and work on the permitting process, Plaintiff received a permit to operate a short-term rental. It has been a good little business averaging about

$30K a year. Plaintiff VON TEMPSKY's mother is the watch dog and Plaintiff VON TEMPSKY's sister manages it. The guests have enjoyed the privacy there, while being surrounded with jungle, Milo forest, fishpond and Kupeke stream with beautiful views of Maui and Lanai. Plaintiff VON TEMPSKY employs a maid, yardman, manager and coconut tree trimmer. Throughout the years, Plaintiff VON TEMPSKY continued to submit the filings for permit renewal, underwent required inspections and paid all the necessary fees and the operations continued without incident and complaints from the neighboring properties. The Kupeke Beach House LLC is being assessed at much higher property rates paying all relevant General Excise Taxes and Transient Accommodation Taxes. Due to Ordinance 5059, the permit expires on December 31, 2020 without the possibility of renewal of operations that have existed for years without complaint.

57.    Plaintiffs DEARDORFFS own real property on Molokai that was purchased in 2013 for their retirement on Molokai. It is called The Mother Ocean. Plaintiff Deardorffs went through an arduous and expensive permitting process and kept reapplying every year in order to get an extension. The Mother Ocean operated without any complaints from the neighboring properties. The Mother Ocean is being assessed at much higher property rates paying all relevant General Excise Taxes and Transient Accommodation Taxes. They hire a gardener, grounds keeper, a pool maintenance personnel, yardman, cleaning personnel, property

manager, a local contractor and plumber for upkeep and maintenance. Due to Ordinance 5059, the permit expires on December 31, 2020 without the possibility of renewal.

58.     Plaintiff WAYNE purchased a real property on Molokai in 2001 which was later transferred into Manahale Estate LLC, a Hawaii limited liability company. Plaintiff WAYNE went through an arduous and expensive permitting process which also required a sup permit due to the overlapping zoning issues with the State of Hawaii, as this property is ag zoned. therefore, a special use permit for a farm plan was required. The permits were approved on May 24, 2017 for an initial period of 3 years, with 1 year extensions for Molokai. Manahale Estate is being assessed at much higher property rates paying all relevant general excise taxes and transient accommodation taxes and contracts support labor to help maintain the property. Due to ordinance 5059, the permit expires on December 31, 2020 without the possibility of extension. during the 3 year period, the short-term rental operated without any complaints and added a measurable contribution to the local economy via annual taxes, real estate GE and TAT, hosted weddings for local families, and donated the property to grad nights, and other charities when needed.

## CLAIMS FOR RELIEF

### COUNT I

### (Declaratory Relief Pursuant To 28 U.S.C. § 2201)

59.     Plaintiffs incorporate by reference all previous paragraphs in full as if fully set forth herein.

60.     This action presents an actual case or controversy between Plaintiffs and Defendants concerning the validity of and the application and enforceability of Ordinance 5059 to Plaintiffs and all permit holders on Molokai.

61.     Because Ordinance 5059 and its enforcement violates due process and other protections afforded by the United States Constitution, and for the reasons stated below, Plaintiffs ask for a declaration pursuant to 28 U.S.C. § 2201 that the law is invalid and unenforceable in its entirety or, at a minimum, as to Plaintiffs and all other similarly situated permit holders in Molokai.

## COUNT II

### (Violation of United States Constitution: Due Process)

62.     Plaintiffs incorporate by reference all previous paragraphs in full as if fully set forth herein.

63.     The Fifth Amendment to the United States Constitution provides: "nor shall [any person] be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

64.     The requirements of the Fifth Amendment are binding on municipalities, including the County of Maui, acting by and through its Director and Planning Department.

65.     Due process has two aspects- procedural and substantive.

66.     Procedurally, the Fifth Amendment requires reasonable notice and an opportunity to be heard before a deprivation of property.

67.     Revocation of vested rights, despite issuance of STRH permits, interfered with Plaintiffs' vested property rights in violation of the due process clause of 5th amendment.

68.     Substantively, Ordinance 5059 deprives the Molokai permit holders in Maui County of an essential property right – the right to lease their property on a short-term rental basis via the permitting process.  There are four essential property rights:  the right to use, the right to lease that use to a third party, the right to sell, and the right to hypothecate.

69.     Ordinance 5059 violates both the procedural and substantive requirements of the Due Process Clause, it divests owners of valuable entitlements, it violates public policy, and Plaintiffs, on behalf of its members, and those similarly situated, is entitled to declaratory and injunctive relief to that effect.

## COUNT III

### (Hawaii Constitution Violation: Due Process)

70.     Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

71.    The Hawaii Constitution, Art. I, § 5, states "[n]o person shall be deprived of life, liberty or property without due process of law".

72.    Due process has two aspects- procedural and substantive.

73.    Procedurally, the Due Process Clause requires reasonable notice and an opportunity to be heard before a deprivation of property.  Ordinance 5059, as written, violates the procedural due process requirements of the Hawaii Constitution.

74.    Substantively, an ordinance fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits.  Laws must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that they may act accordingly.  Ordinance 5059 fails this test.

75.    Ordinance 5059 violates both the procedural and substantive requirements of the Due Process Clause, and Plaintiff, on behalf of himself, and those similarly situated, is entitled to declaratory and injunctive relief to that effect.

## COUNT IV

### (U.S. Constitution Violation: Equal Protection)

76.    Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

23

77.     The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."

78.     Defendants acted with an intent or purpose to discriminate against the permit holders who rent their residential properties while not placing the same restrictions on other forms of lodging in violation of the Equal Protection of the United States Constitution.

79.     Plaintiffs are entitled to specific and general damages in an amount to be proven at trial.

## **COUNT V**

### **(Unconstitutional Taking)**

80.     Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

81.     By Ordinance 5059, vacation rentals have been singled out by punitive ban on their operations.

82.     Taking away the property owners use which provides an economic

benefit and was obtained in accordance with the regulations is contrary to

Plaintiffs' reasonable investment-backed expectations and requires payment of just

compensation.

83.     Defendants' taking of private property necessitates just compensation

under the law.

## COUNT VI

## (Violation Of HRS 46-4)

84.     Plaintiffs incorporate by this reference all of the foregoing allegations

as if fully stated herein.

85.     The Hawaii Zoning Enabling Act, Haw. Rev. Stat. § 46-4 provides in

pertinent part: "Neither this section nor any ordinance enacted pursuant to this

section shall prohibit the lawful use of any building or premises for any trade,

industrial, agricultural, residential, agricultural, or other purpose for which the building or

premises is used at the time this section or the ordinance takes effect; provided that

a zoning ordinance may provide for elimination of nonconforming uses as the uses

are discontinued…"

86.     Ordinance 5059 selectively bans the short-term rental operations on

Molokai despite their established short-term rental rights and applicable zoning.

87.     The adoption of Ordinance 5059 has resulted in the prohibition of the use of property where such use was previously lawfully established, in violation of Haw. Rev. Stat. § 46-4.

88.     Defendants' actions violate both the United States and Hawaii constitutional protections against the interference with nonconforming, vested rights without due process, and the taking of property without compensation.

89.     Because Ordinance 5059 violates Haw. Rev. Stat. § 46-4 and the due process and property clauses of the United States and Hawaii Constitutions, Plaintiffs are entitled to declaratory and injunctive relief.

## COUNT VII

**(Deprivation Of The Right To Honest Services 18 USCS § 1346)**

90.     Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

91.     Defendants orchestrated a scheme or artifice to deprive Plaintiffs of their rights to honest governmental services.

92.     Defendants took unusual and unprecedented steps in targeting Plaintiffs for unsubstantiated enforcement and in banning their permits.

93.     Defendants have deprived Plaintiffs of their civil rights and entitlement to the County's honest services.

## COUNT VIII

**(Violation of Hawaii Administrative Procedures Act)**

94.     Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

95.     The Hawaii Administrative Procedures Act, Haw. Rev. Stat. § 91-1, defines "rule" as each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy…"

96.     The Hawaii Administrative Procedures Act sets forth the required procedures by which an agency, such as the Department of Planning, can promulgate rules, which as a general matter include publication of draft rules, providing at least 30 days' notice of a public hearing, affording interested persons the opportunity to submit testimony, formal adoption by the agency, and approval by the mayor.

97.     "No agency rule, order, or opinion shall be valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been published or made available for public inspection as herein required, except where a person has actual knowledge thereof."

98.     Defendants did not undertake rule-making as required by Haw. Rev. Stat. Chapter 91 prior to issuing or adopting the short-term rental ban. Ordinance 5059, therefore, constitutes illegal rule-making and is not valid or enforceable.

99.    The Planning Department must be ordered to comply with the rule-making requirements of Haw. Rev. Stat. Chapter 91 before any enforcement of Ordinance 5059 is allowed.

## COUNT IX

### (Equitable Estoppel/Vested Rights)

100.   Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

101.   Plaintiffs have a right to rely and relied on previous County administrations' assurances (assurances of the continuing nature of their short-term rental permit entitlement as long as there were no complaints from the neighbors), STRH permits and enforcement policies.

102.   Approval of and issuance of the STRH permits were the ministerial actions which induced Plaintiffs to alter their position in reliance.

103.   Plaintiffs made substantial expenditures and entered into financial obligations in reliance on County administrations' assurances, STRH permits and enforcement policies.

104.   Defendants' actions interfered with Plaintiffs' property rights to their detriment while Plaintiffs acted in good faith and should benefit from the estoppel doctrine.

## COUNT X

**(Prima Facie Tort)**

105.   Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

106.   The Defendants' conduct described above has resulted in the infliction of intentional harm, resulting in damages, without excuse or justification and are thus liable under the doctrine of prima facie tort.

## COUNT XI

**(HRS 480-Unfair Competition By Promoting Hotel Interests Over Competing STRH Interests)**

107.   Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

108.   Defendants' acts in banning the short-term vacation rentals while allowing the vacation rentals in condos or hotels and those with conditional permits to continue unimpacted constitute unfair methods of competition that adversely impact consumers in violation of HRS § 480-2.

109.   As a result of Defendants' unfair methods of competition, Plaintiffs were injured in their business and property and are entitled to recover treble damages, as well as attorneys' fees and costs.

## COUNT XII

**(Violating The Right To Interstate Travel And The Privileges And Immunities Clause Of The U.S. Constitution, Article IV, Sec. 2, Clause 1 By Discriminating Against Out-Of-State Residents Owning Land In Hawaii)**

110.   Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

111.   The Defendants are acting with the specific intent of discriminating against property owners from outside of the State in violation of the above right to interstate travel and the privileges and immunities clause of the U.S. Constitution Article IV Sec. 2 Clause 1**.**

## COUNT XIII

### (Violating the Contracts Clause of the United States and Hawaii Constitutions)

112.   Plaintiffs incorporate by this reference all of the foregoing allegations as if fully stated herein.

113.   Plaintiffs had existing contracts for rentals and for outside services that Ordinance 5059 substantially interferes with for no legitimate purpose and without a rational basis in violation of the contracts clause of Unite States and Hawaii Constitutions.

## COUNT XIV

### (Violation of 28 USC Sec 1983)

114.   Plaintiffs reassert and re-allege all of the foregoing allegations as if fully stated herein.

115.   The actions of the Defendants have violated the Plaintiffs' Civil Rights in violation of 28 USC Sec, 1983.

## COUNT XV

### (Estoppel/Detrimental Reliance)

116.   Plaintiffs reassert and re-allege all of the foregoing allegations as if fully stated herein.

117.   When making decisions to purchase homes and to enter into contracts and expend funds, Plaintiffs' members relied on the County's prior approvals and conduct with respect to allowing short term rentals.

118.   The County should reasonably expect that it would induce the individually named Plaintiffs to make purchases and to enter into contracts in reliance upon the County's conduct.

119.   It would be inequitable for the County to enforce the Ordinance 5059 against the Plaintiffs herein and it should pay for costs incurred in reliance upon the County's prior conduct.

## COUNT XVI

### (Unjust Enrichment)

119. Plaintiffs reassert and re-allege all of the foregoing allegations as if fully stated herein.

120. Plaintiffs have conferred indirect and direct benefits to the County

through, among other things, increased taxes paid by the Plaintiffs based on the value of their properties and income generated to the County by short-term rentals.

121. If the Ordinance is enforced against Plaintiffs, it will be unjust for the County to retain the benefits conferred by Plaintiffs.

122. Plaintiffs are entitled to damages against the County in proportion to the benefit conferred upon the County by Plaintiffs and its members.

## COUNT XVII

### (Prima Facie Tort /Violation Of The Restatement Second Of Torts Sec 871.)

123.   Plaintiffs reassert and re-allege all of the foregoing allegations as if fully stated herein.

124.   By intentionally depriving Plaintiffs and its members of their legally protected property interests and causing injury to their interests, the Defendants are subject to liability as their conduct is generally culpable and not justifiable under the circumstances.

125.   Plaintiffs are entitled to damages and injunctive relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and against Defendants as follows:

A.   That judgment be entered in favor of Plaintiffs and against each of the Defendants;

B.    For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants;

C.    For an injunction against Defendants prohibiting the enforcement of Ordinance 5059 in its entirety or, at a minimum, as against Plaintiffs and all those similarly situated;

D.    For an award of reasonable attorneys' fees and costs on their behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988;

E.    For Costs;

F.    For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful patterns and practices are eliminated and do not continue to affect Plaintiffs, or others' civil rights; and

G.    For general, special and treble damages;

H.    For such other and further relief as this Court may deem appropriate, equitable, and just.

DATED: Honolulu, Hawaii, July 10, 2020.

                          /s/ Terrance M. Revere
                          TERRANCE M. REVERE
                          MAGDALENA BAJON
                          Attorneys for Plaintiffs