IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI VACATION RENTAL ASSOCIATION, INC., a Hawaii corporation; WILLIAM GOULD; DEBORAH VON TEMPSKY, SUCCESSOR TRUSTEE OF HELEN VON TEMPSKY TRUST; THE MOTHER OCEAN LLC AND WILLARD GARY DEARDORFF AND JOAN DEARDORFF; MANAHALE ESTATE LLC AND JAMES C. WAYNE,<br><br>          Plaintiffs,<br>   vs.<br><br>MAUI COUNTY PLANNING DEPARTMENT; COUNTY OF MAUI; MAYOR MICHAEL VICTORINO, successor in interest; MICHELE MCLEAN, in her official capacity as Director of the Maui County Planning Department; DOES 1–20; JANE DOES 1–20; DOE PARTNERSHIPS 1–20; DOE CORPORATIONS 1–20; DOE ENTITIES 1–20 and DOE GOVERNMENTAL UNITS 1–20<br><br>          Defendants. | CIVIL NO. 20-00307 JAO-RT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND STAYING ACTION** |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND STAYING ACTION**

In this action, Plaintiffs Maui Vacation Rental Association, Inc. ("MVRA");

William Gould; Deborah Von Tempsky, Successor Trustee of Helen Von Tempsky

Trust; The Mother Ocean LLC; Willard Gary Deardorff; Joan Deardorff; Manahale Estate LLC; and James C. Wayne (collectively, "Plaintiffs") present multiple challenges to the legality of Maui County Ordinance No. 5059, which capped the number of permits available for Short-Term Rental Homes on the island of Molokaʻi at zero.  Defendants Maui County Planning Department (the "Planning Department"); County of Maui (the "County"); Michael Victorino, in his official capacity as the County Mayor and successor in interest to Mayor Alan Arakawa; and Michele McLean, in her official capacity as Director of the Planning Department (the "Director") (collectively, "Defendants") filed a motion requesting the Court to abstain and stay the action under *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941), or, in the alternative, dismiss Counts I–IV, VI–IX, XI–XII, and XVI of Plaintiffs' Complaint.  For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion, ABSTAINS pursuant to *Pullman*, and STAYS this action.

## I.  BACKGROUND

### A.  Facts[1]

MVRA includes as members various vacation rental owners and managers and has the stated purpose of "promot[ing] the fact that Vacation Rentals play an

---

[1]  These facts are based on the allegations in the Complaint, ECF No. 1, which are taken as true when reviewing Defendants' motion to dismiss.

important role in [Maui County's] healthy economy and diversified tourism." ECF

No. 1 ¶ 9. Each of the remaining Plaintiffs hold short-term rental permits for real

property they own on the island of Moloka'i.[2]  *Id.* ¶¶ 10–16.

In 2012, the County enacted Ordinance 3941, which created a new category

of permitted uses of real property called Short-Term Rental Homes ("STRHs") and

set out various conditions and procedures that govern the issuance of permits for

STRHs.  *Id.* ¶ 21; ECF No. 1-1.  Under Ordinance 3941, all owners of real property

in the County who lease their homes for less than an initial term of 180 days are

required to obtain a permit to do so, subject to certain exceptions.  ECF No. 1 ¶ 25.

Ordinance 3941 included both a comprehensive permitting scheme and various

performance-based standards designed to mitigate the effects of STRHs on

neighboring properties.  *Id.* ¶ 28.

Between 2016 and 2019, the County and the Planning Department imposed

a series of ordinances and administrative rules outlining the requirements for

STRH permits and the County's enforcement mechanism for noncompliance

relating to STRHs.  *Id.* ¶ 31.  According to Plaintiffs, the Planning Department and

the Director have acted inconsistently and unpredictably when deciding whether to

---

[2]  The island of Moloka'i is part of the County of Maui, which also includes the
islands of Maui, Lāna'i, Kaho'olawe, and Molokini.

3

grant STRH permits, giving significant weight to whether the applicants' neighbors oppose the issuance of the permits.  *Id.* ¶ 35.

In March 2020, the County adopted Ordinance 5059, which capped the number of STRH permits that the County may issue for Molokaʻi at zero and precluded the renewal of existing STRH permits, stating that such permits shall remain valid through December 2020.  ECF No. 1-2 at 5−6.  Plaintiffs allege that Ordinance 5059 "has the effect of shutting down all STRH[]s on Molokai as of December 31, 2020, even if there are valid permits that go beyond December 2020."[3]  ECF No. 1 ¶ 45.

## B.    Procedural History

Plaintiffs commenced this action on July 10, 2020, asserting the following claims against each of the Defendants:  Count I – Declaratory Relief Pursuant to 28 U.S.C. § 2201; Count II – Violation of the United States Constitution:  Due

---

[3]  It is unclear from the Complaint which, if any, of the Plaintiffs had STRH permits that would have remained effective after December 31, 2020.  It is not clear from the face of Ordinances 3941 and 5059 whether the latter prematurely terminated any STRH permits.  STRH permits are granted for an initial length of one year, with the possibility of a two-year extension if the Planning Department does not receive complaints.  ECF No. 1-1 at 25.  On Molokaʻi, permits could have been renewed prior to the adoption of Ordinance 5059, but only for an additional year for each renewal period.  *Id.*  And Ordinance 5059 states, "Existing permits for Short-Term Rental Homes in the Molokaʻi Island Community Plan area will remain valid through December 2020 and are not eligible for renewal[.]"  ECF No. 1-2 at 6.  At the hearing, Defendants' counsel represented that each of the STRH permits held by Plaintiffs in this matter are scheduled to expire on or before December 31, 2020.  Plaintiffs' counsel did not disagree with this representation.

Process; Count III – Hawaii Constitution Violation:  Due Process; Count IV – U.S.

Constitution Violation:  Equal Protection; Count V – Unconstitutional Taking;

Count VI – Violation of HRS § 46-4; Count VII – Deprivation of the Right to

Honest Services 18 U.S.C. § 1346; Count VIII – Violation of Hawaii

Administrative Procedures Act; Count IX – Equitable Estoppel/Vested Rights;

Count X – Prima Facie Tort; Count XI – HRS chapter 480—Unfair Competition

by Promoting Hotel Interests over Competing STRH Interests; Count XII –

Violating the Right to Interstate Travel and the Privileges and Immunities Clause

of the U.S. Constitution, art. IV, § 2, cl. 1 by Discriminating against Out-of-State

Residents Owning Land in Hawaii; Count XIII – Violating the Contracts Clause of

the United States and Hawaii Constitutions; Count XIV – Violation of 28 U.S.C. §

1983;[4] Count XV – Estoppel/Detrimental Reliance; Count XVI – Unjust

Enrichment; and Count XVII – Prima Facie Tort/Violation of the Restatement

(Second) of Torts § 871.  Plaintiffs pray for declaratory relief; injunctive relief

prohibiting the enforcement of Ordinance 5059 in its entirety, or, in the alternative,

as against Plaintiffs and those similarly situated; for an award of attorneys' fees

---

[4]  Title 28 of the United States Code governs the judiciary and judicial procedure
and does not have a section 1983.  The Court assumes that Plaintiffs intended to
bring a claim under 42 U.S.C. § 1983, particularly inasmuch as they allege under
this Count that the "actions of the Defendants have violated the Plaintiffs' Civil
Rights."  ECF No. 1 ¶ 115.

and costs; for appropriate equitable relief under 42 U.S.C § 1983; and for general, special, and treble damages.  ECF No. 1 at 33.

Defendants filed the instant motion on August 20, 2020.  ECF No. 18. Defendants request that the Court abstain and stay the action under *Pullman*.  *Id.* In the alternative, Defendants seek dismissal of Counts I–IV, VI–IX, XI–XII, and XVI for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  *Id.*

On August 24, 2020, the Court issued an Entering Order directing Plaintiffs to file a response explaining why the Court should not apply the same *Pullman* analysis that it applied in *Tran v. Department of Planning for the County of Maui*, Civil No. 19-00654 JAO-RT, 2020 WL 3146584 (D. Haw. June 12, 2020).  ECF No. 19.  On August 31, 2020, Plaintiffs responded that *Tran* is distinguishable because it dealt with the application of state and county land use law to a particular property, while this case involves a "general, facial review of . . . Ordinance 5059."[5]  ECF No. 20 at 3.

---

[5]  The Court's entering order stated that Plaintiffs' response shall not exceed three pages.  ECF No. 19.  While Plaintiffs' response was indeed three pages, it appears to have been written in twelve-point font with 1.5 spacing in violation of Local Rules 10.2(a)(2) and (4).  *See* ECF No. 20.  The Court expects that Plaintiffs and their counsel will comply with the Local Rules in any future filings they may present to the Court.

## II.    LEGAL STANDARD

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted).  Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice.  *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must

accept as true all of the allegations contained in the complaint does not apply to

legal conclusions.  *See id.*  As such, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If

dismissal is ordered, the plaintiff should be granted leave to amend unless it is

clear that the claims could not be saved by amendment.  *See Swartz v. KPMG LLP*,

476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

## III.   DISCUSSION

Central to the lawsuit is Plaintiffs' claim that the Hawaiʻi Zoning Enabling

Act, Hawaiʻi Revised Statutes ("HRS") § 46-4 protects nonconforming uses of

property, and thus allows Plaintiffs to continue using their properties as STRHs

because they obtained permits pursuant to Ordinance 3941.  Plaintiffs allege that

"Ordinance 5059 violates [HRS] § 46-4, which prohibits an amendment of a

zoning law to prohibit a lawful pre-existing use, and it violates the Hawaii and

United States Constitutional protections for non-conforming uses and vested

rights." ECF No. 1 ¶ 51.  Whether Plaintiffs' STRHs constitute a nonconforming use under Hawaiʻi and the County's land use laws is therefore a critical question.

In light of Plaintiffs' state law challenges to Ordinance 5059, Defendants moved the Court to abstain from exercising jurisdiction under *Pullman* pending a state court's adjudication of those challenges.  ECF No. 18-1 at 15–17.  The *Pullman* abstention doctrine authorizes district courts to postpone "the exercise of federal jurisdiction when a 'federal constitutional issue … might be mooted or presented in a different posture by a state court determination of pertinent state law.'"  *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959)). "And it is not even necessary that the state adjudication 'obviate the need to decide all the federal constitutional questions' as long as it will 'reduce the contours' of the litigation."  *Smelt v. County of Orange*, 447 F.3d 673, 679 (9th Cir. 2006) (quoting *id*. at 380).  Moreover, "*Pullman* abstention applies whether or not a state proceeding is pending."  *Gilbertson v. Albright*, 381 F.3d 965, 970 n.6 (9th Cir. 2004).

*Pullman* abstention is appropriate where:

> (1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy, and (3) the proper resolution of the possible determinative issue of state law is uncertain.

9

*Courthouse News Serv. v. Planet*, 750 F.3d 776, 783–84 (9th Cir. 2014) (citation omitted); *see Smelt*, 446 F.3d at 679 (citation omitted).  The Court lacks discretion to abstain when the foregoing requirements are not met.  *See Courtney v. Goltz*, 736 F.3d 1152, 1163 (9th Cir. 2013) (citation omitted).

### A.   Sensitive Area of Social Policy

The crux of this case is a challenge to a municipal ordinance that substantially limits a certain use of real property—STRHs—in a geographically distinct portion of a county.[6]  The Ninth Circuit has long "held that land-use planning questions 'touch a sensitive area of social policy' into which the federal courts should not lightly intrude."  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 802 (9th Cir. 2001) (internal quotation marks and citations omitted); *see also San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998); *Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996); *Pearl Inv. Co. v. City & County of San Francisco*, 774 F.2d 1460, 1463–64 (9th Cir. 1985); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Summerland Cty. Water Dist.*, 767 F.2d 544, 546 (9th Cir. 1985); *Kollsman v. City*

---

[6]  Plaintiffs allege, "Molokai has become the first island in Hawaii where new short-term vacation rentals of single-family homes have been banned by placing a zero cap on short-term rentals of single-family homes on Molokai and existing ones are being forced out by the end of this year."  ECF No. 1 ¶ 1.  At the hearing, however, Defendants' counsel clarified that Ordinance 5059 only capped STRHs in certain zoning classifications, and still allowed for short-term rentals in areas zoned for resort and hotel use.

*of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984); *Santa Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838, 839–40 (9th Cir. 1979); *Sederquist v. City of Tiburon*, 590 F.2d 278, 281 (9th Cir. 1978); *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092, 1094–95 (9th Cir. 1976).  Because "the short-term rental issue has been and continues to be a hot-button topic and a sensitive issue of social policy throughout the State," the first factor is met.  *Tran*, 2020 WL 3146584 at \*9 (citation omitted); *cf. Kendrick v. Planning Dep't*, Civ. No. 19-00024 HG-KJM, 2020 WL 736245, at \*7 (D. Haw. Feb. 13, 2020) (invoking *Burford* abstention and finding that "[p]olicies governing residential vacation rentals are subject of significant local interest and important public policy").

### B.    Avoidance of Federal Constitutional Adjudication

The second factor requires "[a] state law question that has the potential of at least altering the nature of the federal constitutional questions."  *C-Y Dev. Co.*, 703 F.2d at 378.  "For *Pullman* purposes ... it is sufficient if the state law issues might 'narrow' the federal constitutional questions."  *Sinclair Oil Corp.*, 96 F.3d at 409 (citation omitted).  Courts have consistently found this requirement satisfied in land use cases "where a favorable decision on a state law claim would provide plaintiff with some or all of the relief he seeks."  *VH Prop. Corp. v. City of Rancho Palos Verdes*, 622 F. Supp. 2d 958, 963 (C.D. Cal. 2009).

11

Central to Plaintiffs' claims is their assertion that they are entitled to continue operating STRHs because their existing permits make such use a nonconforming use and a vested right.  In Count VI, Plaintiffs allege that the "adoption of Ordinance 5059 has resulted in the prohibition of the use of property where such use was previously lawfully established, in violation of [HRS] § 46-4." ECF No. 1 ¶ 87.  If Plaintiffs prevail on Count VI, Ordinance 5059 may be void (at least as applied to Plaintiffs), which would provide Plaintiffs with at least some of the relief they are seeking, and would, at a minimum, narrow the federal constitutional questions.  And at the hearing, Plaintiffs' counsel acknowledged that Plaintiffs' constitutional claims would likely be moot if Plaintiffs were to prevail on Count VI.  The Court is therefore unpersuaded by Plaintiffs' contention that "the state law in question is not likely to obviate the need for adjudication of the constitutional question."[7]  ECF No. 20 at 2.  The second *Pullman* factor is

---

[7]  Perhaps recognizing the flaw in their argument that this case does not involve state law issues that would obviate the need for adjudication of the constitutional question, Plaintiffs argue in their opposition that Defendants "failed to follow HRS Section 46-4 and did not act within the framework of a long-range, comprehensive general plan." ECF No. 24 at 24.  Plaintiffs' discussion of Count VI makes no reference to their allegation in the Complaint that Ordinance 5059 violates HRS § 46-4 because it prohibits the use of property where such use was previously lawful. Plaintiffs cannot transform the substance of their Complaint by departing from the very clear claims asserted in the Complaint. *See Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" (citation omitted)).

therefore satisfied as there is a possibility that resolution of certain state law questions would reduce if not eliminate the need to resolve federal constitutional questions.

### C.   Uncertainty of Determinative State Law Issues

The third *Pullman* factor can be satisfied in land use cases with "only a minimal showing of uncertainty" because "land use claims are local in nature and involve the interpretation of various state and local land use laws[.]"  *Patel v. City of Los Angeles*, 455 F. App'x 743, 744–45 (9th Cir. 2011) (citing *Sinclair Oil*, 96 F.3d at 409–10; *Pearl Inv. Co.*, 774 F.2d at 1465).  "Uncertainty for purposes of *Pullman* abstention means that a federal court cannot predict with any confidence how the state's highest court would decide an issue of state law."  *Pearl Inv. Co.*, 774 F.2d at 1465 (citation omitted).  Resolution of state law issues "might be uncertain because the particular statute is ambiguous, or because the precedents conflict, or because the question is novel and of sufficient importance that it ought to be addressed first by a state court."  *Id.*

Here, the Court cannot predict with any confidence how Hawaiʻi's highest court would decide Plaintiffs' state law challenges to Ordinance 5059.  *See, e.g.*, *Richardson v. Koshiba*, 693 F.2d 911, 917 (9th Cir. 1982) (finding "no substantial indication of how Hawaiʻi's courts would treat [the plaintiff's] state law claims").  Indeed, the applicable land use regulatory scheme is complicated, and the state law

issues are novel and sufficiently important such that they should be addressed by the state courts first.  For these reasons, the Court finds that the third requirement is met.

Because the three requirements are satisfied, the Court finds it appropriate to abstain under *Pullman*.  "A district court abstaining under *Pullman* must dismiss the state law claim and stay its proceedings on the constitutional question until a state court has resolved the state issue." *Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993); *see Courtney v. Goltz*, 736 F.3d 1152, 1164 (9th Cir. 2013) (holding that "the district court should have retained jurisdiction over the case pending resolution of the state law issues, rather than dismissing the case without prejudice"); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 940 (9th Cir. 2002) ("If a court invokes *Pullman* abstention, it should stay the federal constitutional question 'until the matter has been sent to state court for a determination of the uncertain state law issue.'" (citation and footnote omitted)); *Columbia Basin*, 268 F.3d at 802 ("If we abstain 'under *Pullman*, retention of jurisdiction, and not dismissal of the action, is the proper course.'" (quoting *Santa Fe Land Improvement Co*, 596 F.2d at 841)).

14

The Court therefore dismisses the state law claims (Counts III, the portion of Count V brought under the Hawai'i Constitution,[8] VI, VIII through XI, the portion of Count XIII brought under the Hawai'i Constitution, XV, XVI, and XVII), and stays the remaining federal claims (Counts II, IV, the portion of Count V brought under the United States Constitution, VII, XII, the portion of Count XIII brought under the United States Constitution, and XIV).[9]   Plaintiff may refile the state law claims in circuit court. *See San Remo Hotel*, 145 F.3d at 1104 ("Once *Pullman* abstention is invoked by the federal court, the federal plaintiff must then seek a definitive ruling in the state courts on the state law questions before returning to the federal forum." (citing *Pullman*, 312 U.S. at 501–02; *Rancho Palos Verdes Corp.*, 547 F.2d at 1096)).   The dismissal of the state law claims does not

---

[8]  The Complaint is silent as to whether Plaintiffs brought their takings claim (Count V) under the United States or Hawai'i Constitution, or both.  For purposes of Defendants' motion, the Court assumes that Plaintiffs brought the claim under both constitutions as the claim could arise under both Hawai'i and federal law.  *See Bridge Aina Le'a, LLC v. Hawai'i Land Use Comm'n*, 950 F.3d 610, 625 n.5 (9th Cir. 2020) ("The Hawai'i Supreme Court has endorsed federal regulatory takings jurisprudence in determining whether government action is a taking in violation of the Hawaii Constitution." (citing *Leone v. County of Maui*, 141 Hawai'i 68, 81–82, 404 P.3d 1257, 1270–71 (2017))), *petition for cert. filed* (U.S. July 22, 2020) (No. 20-54).

[9]  While the Court has not adjudicated the merits of any of Plaintiffs' claims, Count I is for declaratory relief pursuant to 28 U.S.C. § 2201, which is a remedy, not a standalone cause of action, and should therefore be dismissed.  *See County of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1215–16 (N.D. Cal. 2017) ("The government correctly notes that the Declaratory Judgment Act creates a remedy for litigants but is not an independent cause of action." (citation omitted)).

constitute a determination on the merits on any of the grounds advanced in the instant motion.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.  Count I is DISMISSED WITH PREJUDICE. Plaintiff's state law claims (Counts III, the portion of Count V brought under the Hawaiʻi Constitution, VI, VIII through XI, the portion of Count XIII brought under the Hawaiʻi Constitution, and XV through XVII) are DISMISSED for resolution in state court.  The balance of the Motion is DENIED.  This case—comprised of the remaining federal claims (Counts II, IV, the portion of Count V brought under the United States Constitution, VII, XII, the portion of Count XIII brought under the United States Constitution, and XIV)—is STAYED until the state court's determination of whether Ordinance 5059 was adopted in violation of HRS § 46-4. All pending deadlines are terminated.

//

//

//

//

//

//

16

Plaintiff may return to this forum after the state law question is answered. The parties are to submit a joint status report every six months, beginning on June 1, 2021. The parties shall file a notice within seven days of the conclusion of the state court proceedings, attaching any relevant decision(s) and indicating whether the instant proceedings should recommence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 20, 2020.



Jill A. Otake
United States District Judge

Civil No. 20-00397-JAO-RT, *Maui Vacation Rentals Association, Inc., et al. v. Maui County Planning Department, et al.*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND STAYING ACTION